OWEN, Judge.
Petitioner is a corporation organized under the laws of this state as a corporation for profit. Its application to the respondent for a Type II-C “Club” license provided for under Fla.Stat. § 561.20(7) (1973) was denied on the grounds that a corporation for profit is not qualified for this type beverage license. Petitioner seeks judicial review by certiorari pursuant to Fla.Stat. § 120.68 (Supp.1974).
Fla.Stat. § 561.20(7) reads in pertinent part as follows:
“(7) There shall be no limitation as to the number of licenses issued pursuant to § 565.02(4). However, any licenses issued under this section shall be limited to subordinate lodges or clubs of national fraternal or benevolent associations; golf clubs municipally or privately owned or leased; nonprofit corporations or clubs devoted to promoting community, municipal, or county development or any phase of community, municipal, or county development(e. s.)
Without question, petitioner is a corporation for profit which owns and operates a bona fide private club known as The Beach Club in Palm Beach, Florida, which club had been in continuous active existence and operation for a period of more than two years at the time of applying for the subject license. While one of the issues raised by the respondent in connection with this judicial review is whether the petitioner carried its burden of proof to show that its club was “devoted to promoting community . . . development”, we can, for the purpose of our decision and in order to focus clearly on the central issue involved, consider that petitioner’s club did qualify as one “de *61 voted to promoting community development”. Thus, our decision here turns squarely upon our construction of the emphasized portion of Fla.Stat. § 561.-20(7) quoted above.
Our reading of the emphasized portion of Fla.Stat. § 561.20(7) leads to the conclusion that it was the legislative intent (1) that the word “nonprofit” modify or describe the word “clubs” as well as the word “corporations”, and, (2) that, whether the applicant be a “nonprofit corporation” or a “nonprofit club”, it must be “devoted to promoting community, municipal, or county development or any phase of community, municipal, or county development”. We think it would not be logical to ascribe to the Legislature the intent that a corporation devoted to promoting community development, in order to qualify, must be a “nonprofit corporation,” whereas a club devoted to promoting community development could qualify irrespective of whether it was a nonprofit club or a chib for profit. Yet this would be the result if we adopted the construction which petitioner advocates, namely that Fla.Stat. § 561.20(7) and Fla.Stat. § 565.02(4) should be read in conjunction as follows:
“Bona fide clubs, devoted to promoting community development, which have been in continuous active existence and operation for a period of not less than two years in the county where they exist should be entitled to an unlimited number of Type II-C licenses.”
We must reject that construction as rendering meaningless the word “nonprofit”, since it would then permit a corporation for profit to qualify for a club license simply by doing what petitioner has done, i. e., organize and operate a “club devoted to promoting community . . . development”.
Certiorari denied.
WALDEN, C. J., and REASBECK, JAMES, Associate Judge, concur.